UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                            Chapter 11

55 Pulaski Realty LLC,                                             Case No. 21-42997 (NHL)
Quincy Bedford I LLC,                                             Case No. 21-42999 (NHL)

                                    Debtors.                      Jointly Administered
-----------------------------------------------------------x

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN
## DAVID GOLDWASSER AS CHIEF RESTRUCTURING OFFICER
## AND RESPONSIBLE PARTY

    55 Pulaski Realty LLC and Quincy Bedford I LLC (collectively the "<u>Debtors</u>"), as and for their joint motion (the "<u>Motion</u>") for the pre-fixed Order authorizing the Debtors to employ and retain FIA Capital Partners, LLC ("<u>FIA</u>") and appoint David Goldwasser as chief restructuring officer ("<u>CRO</u>") and responsible party to act on behalf of the Debtors pursuant to the terms of the retainer agreement dated October 20, 2021, (the "<u>Agreement</u>"), a copy of which is attached as <u>Exhibit</u> "A" to the Declaration of David Goldwasser, filed herewith (the "<u>Goldwasser Declaration</u>"), respectfully states as follows.

### <u>Background</u>

    1.    The Debtors each filed separate voluntary petitions under Chapter 11 of the Bankruptcy Code on December 1, 2021.  Thereafter, the Debtors have continued in possession and management of their respective assets as debtors-in-possession pursuant to 11 U.S.C. §§1107 and 1108.  The cases are being jointly administered pursuant to Order dated January 7, 2022 (ECF No. 18).

    2.    The Debtors are the owners of neighboring properties at 22 Hart Street, Brooklyn, NY and 55 Pulaski Street, Brooklyn, NY (the "Properties").  The Properties are subject to a

spreader mortgage in the principal sum of $2,187,300 which is currently held by Hart and Pulaski Street Lender LLC (the "Lender").

3.      Prior to the Petition Date, the Debtors retained David Goldwasser and his firm, FIA Capital Partners LLC, as the Debtors' non-member manager and chief restructuring officer to assist the Debtors in reorganizing their financial affairs, including, as applicable, for purposes of these Chapter 11 cases.

4.      Mr. Goldwasser specializes in business restructuring, bankruptcy, and litigation planning, including Chapter 11 reorganization, bankruptcy claims, tax liens, and rescue capital for distressed commercial real estate. Goldwasser has over 20 years of litigation and crisis management experience and has appeared on behalf of debtors in over forty bankruptcy cases in the Southern and Eastern Districts of New York.

## Scope of Services

5.      FIA, through Mr. Goldwasser will perform a number of services, including:

(a)     Assist with administering the Debtors' Chapter 11 cases;

(b)     oversee the preparation of all Chapter 11 reporting, including monthly operating reports and budgets;

(c)     pursue negotiations with the Lender and Lender's representative to restructure the mortgage, or, seeking to refinance the mortgage debt through a third party lender;

(d)     assist with formulation of a plan of reorganization or other exit strategy.

## Goldwasser's Disinterestedness

6.      To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Goldwasser Declaration, Goldwasser: (a) has no prior or current connection with the Debtors, the Lender, the Debtors' other creditors, the Debtors' member, or any other parties in

interest; and (b) does not hold any interest adverse to the Debtors, the Debtors' estates or the Lender.

7.      Although the Debtors respectfully submit that the retention of Goldwasser is not governed by Section 327 of the Bankruptcy Code *per se*, the Goldwasser Declaration indicates that there are no disqualifying relationships involving any parties in interest known to Goldwasser.   Based upon such disclosures, the Debtors submit that Goldwasser is a "disinterested person" as that term is defined by Section 101(14) of the Bankruptcy Code to the extent applicable.

8.      As set forth in the Agreement, Goldwasser was paid a pre-petition retainer from the Debtors, the unused portion of which shall be applied to post-petition requests for compensation.

9.      Goldwasser shall file with the Court, and provide notice to the U.S. Trustee and counsel for the Lender and the Debtors (the "Notice Parties"), reports of compensation earned and expenses incurred on a monthly basis.  Such reports shall contain summary charts which identify the time incurred and services provided through reasonably detailed descriptions of those services, and shall also summarize the hours worked by activity category (*e.g.,* financial management, operational management, hearings, etc.) and reimbursable expenses by expense category for incurred or billed during such month.  Goldwasser will maintain time entry records summarizing major activities and issues he addressed grouped to the nearest one-tenth of an hour (0.1 hour) for each activity category each day.  Goldwasser shall maintain the documentation necessary to evidence each of the reimbursable expenses sought in each report and provide copies of such evidence to any party in interest requesting such documentation.

10.     The Notice Parties shall have ten (10) days from receipt of such reports to object to payment.  All fees and expenses shall be subject to this Court's review and approval and subject to the same standards that would apply to the review of applications for payment of fees and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code.

11.     The Debtors believe that the proposed fees and compensation are reasonable and justified under the circumstances.

### Basis For Requested Relief

12.     The Debtors seek to employ and retain FIA and appoint Mr. Goldwasser as the CRO pursuant to Section 363 of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under Section 363(b), courts require only that the debtor "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted); *see also In re Elpida Memory, Inc.*, No. 12-10947 (CSS), 2012 WL 6090194, at *5 (Bankr. D. Del. Nov. 20, 2012) (noting that it is "well-settled" that a debtor may use its assets outside the ordinary course where such use "represents the sound exercise of business judgment"); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (stating that judicial approval under Section 363 of the Bankruptcy Code requires a showing that the proposed action is fair and equitable, in good faith, and supported by a good business reason). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d

Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

13.     The relief requested herein is appropriate and warranted under each of the above standards. The decision to seek a CRO is based on the sound exercise of the Debtors' business judgment and lends an experienced and objective voice to the process.

WHEREFORE, the Debtors respectfully pray for the entry of an Order consistent with the foregoing.

Dated: New York, NY
        April 20, 2022

GOLDBERG WEPRIN FINKEL
GOLDSTEIN, LLP
Attorneys for the Debtor
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700


By:     /s/ J. Ted Donovan, Esq.